**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **STEVE A. MORRIS,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:22-CV-187-MTT-CHW** |
| | : | |
| **STATE OF GEORGIA,** | : | |
| | : | |
| **Respondent** | : | |

_____

## DISMISSAL ORDER

*Pro se* Petitioner Steve A. Morris, an inmate confined at Wilcox State Prison in Abbeville, Georgia, filed a pleading brought under 28 U.S.C. 2255 and titled "Motion(s) to Vacate Set Aside or Correct a Sentence by a Person in State Custody". ECF No. 1. Petitioner's complaint is replete with gibberish language and ramblings about previous lawsuits which have been dismissed within the federal courts. *See id.* However, out of an abundance of caution, the Court liberally construed his complaint as a habeas petition under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2255 noting that Petitioner is not a federal prisoner but instead within the custody of the State of Georgia. ECF No. 6 at 1. Petitioner was ordered to recast his complaint on the standard form for § 2254 petitions and provided said form for the Petitioner to use in recasting his petition. *Id.* More importantly, the Court ordered that in amending the complaint, the "Petitioner must only address allegations as they relate to his conviction and his efforts to exhaust his state habeas remedies" and "not refer to or otherwise address other unrelated civil rights claims that he

has previously filed in the federal courts within this habeas action". *Id*. at 1-2. Petitioner was given fourteen (14) days to respond and was informed that failure to comply with the Court's order would result in dismissal of his action. *Id*. Petitioner did not submit a proper petition on the court's standard form as ordered. Instead, Petitioner filed numerous perplexing and unintelligible motions and pleadings again referring to his many other dismissed federal cases (ECF Nos. 7 through 15) and requesting in one that this action "be heard not by a single Magistrate, nor District Judge but: said po 2 [Motion(s)] below be granted to serve Justice" (ECF No. 7 at 1). Also included among these pleadings by the Petitioner were various photocopies with illegible handwritten notes scribbled in the margins including: (1) a Hazlehurst newspaper article about a scheduled Memorial Day speaker; (2) a "House Report" and "Senate Report" regarding state government activities; (3) articles or advertisement about "vacation get-away packages" to Winston-Salem; (4) magazine article on North Carolina dog trainers; (5) a magazine article about women scientists; (6) an article on COVID vaccines and zoo animals; and (7) an article on chlamydia vaccine and koala bears in Australia. ECF No. 11-1.

On June 23, 2022, the Court notified Petitioner he had not submitted his recast petition on the standard form as ordered nor paid the filing fee. ECF No. 16. Petitioner was ordered to show cause within fourteen days why his action should not be dismissed for failure to comply with this Court's orders. The Court unambiguously informed Petitioner that his action would be dismissed if he failed to aptly respond. *Id*. Petitioner again failed to submit his recast petition on the standard form as ordered instead filing more

nonsensical motions and letters in the same vein as he had previously submitted in this case.  *See* ECF Nos. 17-24.

Because Petitioner has failed to comply with the Court's orders, his complaint is **DISMISSED WITHOUT PREJUDICE**.   See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).


**SO ORDERED,** this 13th day of July, 2022.

S/ Marc T. Treadwell

MARC T. TREADWELL., CHIEF JUDGE
UNITED STATES DISTRICT COURT