IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVE A. MORRIS | ) |
| Petitioner, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:22-cv-187 (MTT) |
| STATE OF GEORGIA, | ) ) ) ) |
| Respondent. | ) ) |

### ORDER

The Court construes Petitioner Steven A. Morris's notice of appeal (Doc. 31) as an application for a certificate of appealability to appeal the Court's dismissal (Doc. 25) of his handwritten pleading brought under 28 U.S.C. § 2255 and titled "Motion(s) to Vacate Set Aside or Correct a Sentence by a Person in State Custody." Doc. 1. Because Morris is in the custody of the State of Georgia and not in federal custody, Morris's pleading is more properly considered under 28 U.S.C. § 2254 and will be construed as such. Morris has also filed a motion for permission to appeal *in forma pauperis.* Doc. 35. For the following reasons, Morris's application for a certificate of appealability (Doc. 31) and his motion for leave to proceed *in forma pauperis* (Doc. 35) are **DENIED**.

### I. BACKGROUND

On May 16, 2022, Morris filed a handwritten pleading under U.S.C. § 2255 entitled, "Motion(s) to Vacate Set Aside or Correct a Sentence by a Person in State Custody." Doc. 1. The Magistrate Judge ordered Morris to recast his petition on the standard form

required in § 2254 cases, because Morris is in state custody, not federal custody.  Rather than complying with the order:

> [Morris] filed numerous perplexing and unintelligible motions and pleadings again referring to his many other dismissed federal cases (ECF Nos. 7 through 15) and requesting in one that this action "be heard not by a single Magistrate, nor District Judge but: said po 2 [Motion(s)] below be granted to serve Justice." [Doc. 7 at 1.]  Also included among these pleadings by [Morris] were various photocopies with illegible handwritten notes scribbled in the margins including: (1) a Hazlehurst newspaper article about a scheduled Memorial Day speaker; (2) a "House Report" and "Senate Report" regarding state government activities; (3) articles or advertisement about "vacation get-away packages" to Winston-Salem; (4) a magazine article on North Carolina dog trainers; (5) a magazine article about women scientists; (6) an article on COVID vaccines and zoo animals; and (7) an article on chlamydia vaccine and koala bears in Australia.  [Doc. 11-1.].

Doc. 25 at 2.

On June 23, 2022, the Magistrate Judge informed Morris that he had not submitted his recast petition on the standard form nor paid the filing fee, as he had been ordered.  Doc. 16.  Morris was ordered to show cause for these failures to comply with Court orders, and the order made clear that Morris's action would be dismissed if he failed to respond properly.  *Id.*  Rather than complying with the order, Morris instead filed more "nonsensical motions and letters in the same vein as he had previously submitted in this case."  Doc. 25 at 3; *see* Docs. 17-24.  Morris's action was then dismissed without prejudice on July 13, 2022.  Doc. 25.  After the dismissal of his action, Morris filed several additional motions and his notice of appeal.[1]  Docs. 27; 28; 30; 31.

---

[1] Morris has now filed a recast petition more than two months after he was ordered to recast his petition on the proper form.  Docs. 6; 36.  He has already filed a notice of appeal, so the District Court no longer has jurisdiction.  *United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979); *Bonner v. Cty. of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).  Additionally, Morris's newly filed petition makes it

## II. APPLICATION FOR CERTIFICATE OF APPEALABILITY

The Eleventh Circuit Court of Appeals has mandated that the Court construe a habeas petitioner's notice of appeal as an application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  *Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997).  Thus, the Court treats Petitioner's notice of appeal (Doc. 23) as a motion for a certificate of appealability to appeal the dismissal of his action.

When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability will not be issued unless the prisoner can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  For reasons already stated in the Court's July 13, 2022, order dismissing Morris's action, reasonable jurists could not find that the Court's dismissal of Petitioner's action for his repeated failure to comply with the Court's orders was debatable or wrong.  Doc. 25.

Morris's pleading does not facially state a constitutional claim.  Doc. 1.  Rather, Morris complains about his inability to "pimply get [his] 2 (TWO) only case(s) at any 'semblance' of justice to keep my low."  Doc. 1-1.  Morris goes on to describe in baffling

---

clear that he complains about a Toombs County conviction. Thus, his petition should be filed in the Southern District of Georgia.  *See Eagle v. Linahan*, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (recognizing that habeas petitions in Georgia are addressed in the district where the petitioner's conviction took place). Because his action in this Court was dismissed without prejudice, he may file a 28 U.S.C. § 2254 petition in the Southern District of Georgia or move for permission in the Eleventh Circuit to file a second or successive habeas petition in the Southern District of Georgia, should he wish to do so. *See Morris v. State of Georgia*, 6:21-cv-51 (S.D. Ga. March 3, 2022) Doc. 30 (order adopting Magistrate Judge's Recommendation that Morris's § 2254 habeas petition be dismissed as second or successive).

writings that include a drawn unhappy face a "class action civil case" and a U.S.C.A. case number. *Id.* Reasonable jurists could not find it debatable that this filing fails to state a valid claim of denial of a constitutional right. Moreover, Morris has refused to comply with the orders that may have clarified his claims by refusing to submit a proper § 2254 petition form, despite clear instruction from the Magistrate Judge as to how his claims should be submitted and a reasonable amount of time to resubmit his claims. Docs. 6; 16. It is also not debatable that the Court was correct in its procedural ruling that Morris's action was subject to dismissal for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) *and Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)[2]).

Accordingly, Petitioner's notice of appeal (Doc. 31) is treated as an application for a certificate of appealability and that application is **DENIED**.

### III. MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner*, 661 F.2d at 1209.

>   (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

>   (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>       (A) shows . . . the party's inability to pay or to give security for fees and costs;
>       (B) claims an entitlement to redress; and
>       (C) states the issues that the party intends to present on appeal.
>   (2) If the district court denies the motion, it must state its reasons in writing.

Therefore, the Court must make two determinations when faced with an application to proceed *in forma pauperis*.  First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal.  Morris's motion to appeal *in forma pauperis* demonstrates that he is unable to pay the $505 filing fee.  Doc. 35 at 2-5.

Next, the Court must determine if the petitioner has satisfied the good faith requirement.  "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

-5-

The Court's review of the record in this case, as discussed above, demonstrates that Morris's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed"). Morris's pleading was properly dismissed for failure to follow Court orders. The appeal, therefore, is not brought in good faith, as Morris has raised no issues with arguable merit.

Consequently, Morris's applications to appeal *in forma pauperis* (Doc. 35) is **DENIED**.

### IV. CONCLUSION

For the reasons discussed above, Morris's application for a certificate of appealability (Doc. 31) and his motion to appeal *in forma pauperis* (Doc. 35) are **DENIED.**

**SO ORDERED**, this 22nd day of August, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT